G., C. & S. F. R'y v. W. L. Dorsey.

(No. 902.)

MASTER AND SERVANT, does not apply, when..

APPEAL from Tarrant county. Opinion by WATTS, J.

STATEMENT.— This is an action by the father for damages for loss of services of his minor son, rendered incapable of performing labor or service by reason of personal injuries received while in the defendant's employ without the father's consent, and also for moneys expended by the father in his efforts to effect a cure of said son. W. L. Dorsey brought this suit in his own behalf against the defendant at the spring term, 1883, of the Tarrant county district court, and claims $3,600 for loss of his minor son's services and the further sum of $500 expended by him in his efforts to effect a cure of his said son's injuries.

The grounds of action are that the plaintiff's son, A. S. Dorsey, a minor between seventeen and eighteen years of age, was, without plaintiff's knowledge or consent, on the 29th day of November, 1882, taken into the employ of the defendant, as night switchman at Rosenburg Junction, a point on the defendant's line of road; that it was the special duty of plaintiff's son, as such switchman, to couple and uncouple cars of the defendant, then being run upon its lines of railway at and through said Rosenburg Junction, and that said plaintiff's son, while coupling two cars, was caught between them and his shoulder and hand were crushed and maimed between the drawheads and the coupling apparatus belonging to said cars. That said cars and all apparatus used were old, out of repair and of a dangerous pattern, and the defendant was guilty of gross negligence and a total disregard of the life and safety of plaintiff's son and its other employees, and it was by reason of defendant's negligence that plaintiff's said son received the injuries complained of, and that plaintiff's son was wholly ignorant of the dangerous and defective machinery

used by defendant in operating its road; that the couplings and drawheads had long before gone out of use. That plaintiff's son had not nor would he ever recover; that plaintiff was entitled to service and hire of his son, worth $75, until his majority, etc. The defendant pleaded: 1. General and special demurrers. 2. The general issue. 3. Emancipation of the son by the father. 4. That the injuries to the said A. S. Dorsey were caused by his own negligence and improper conduct, and not otherwise. At the fall term, 1883, the court heard and overruled the defendant's demurrers, general (and special) denial, to which ruling the defendant excepted. Cause tried by a jury and a verdict of $1,580 for plaintiff, on which court gave judgment. Defendant moved for new trial, which was overruled.

The evidence shows that A. S. Dorsey (injured party) was employed by Mr. McGee, defendant's yard-master, at Rosenburg Junction, on the evening of 29th of November, 1882. About 2:30 A. M., November 30th, A. S. Dorsey (injured party) went out on the Galveston, Harrisburg & San Antonio Railway Company's track to pull out some cars to put on No. 3 going west on G., H. & S. A. Road. The first part of the night A. S. Dorsey worked on the track of S. F. R'y Co. There are three railroads at Rosenburg where the accident occurred: G., C. & S. F., G., H. & S. A., and N. Y., T. & M. At the time of the accident he was working on the Galveston, Harrisburg & San Antonio Company's track and with its train pulling out cars.

McGee testified that he hired Dorsey, and that as agent for defendant had authority to do so; that he hired him to couple cars on the three roads. The arrangement was that defendant company paid the crew, the Galveston, Harrisburg & San Antonio paid the engineer and fireman, and the New York, Texas & Mexican paid one-third of the expenses; and that it was a part of Dorsey's duty to go over and couple the Galveston, Harrisburg & San Antonio's cars, as well as the others on all the tracks. He was hired for that purpose.

Opinion.— But one question presented by the record will be considered, and that is: " The verdict of the jury is contrary to law and is not supported by the evidence in this, that the evidence shows that the plaintiff's son was injured while serving the Galveston, Harrisburg & San Antonio Railway Company, and while upon the grounds and while handling the cars and apparatus of that company. The allegations of the petition are to the effect that the son of the appellee was injured while in the service of appellant," etc.

From the evidence as given in the statement of facts it will be seen that the injury neither occurred upon appellant's road nor yard, but on the yard of the Galveston, Harrisburg & San Antonio Railway Company, and that the (kind of) cars he was attempting to couple were not even used by appellant's road. The court below evidently proceeded upon the theory that the relation of master and servant existed between appellant and young Dorsey, with all its attendant liabilities, whether he was operating upon the one or another of the three different and distinct yards for which he had engaged to serve. McGee, the yardmaster, was in the employ of the three corporations. True, he was paid by appellant, but under the circumstances he was no less the employee of the other companies. In our opinion young Dorsey, while engaged upon the yard of the Galveston, Harrisburg & San Antonio Railway Company, could not be considered as the servant of appellant, and could only look to the Galveston, Harrisburg & San Antonio Railway Company for protection against defective tracks, cars and machinery. Under these facts as presented by the record, neither of these corporations can be held as guarantors of the tracks, cars and machinery of the other. Our conclusion is that under allegations of the petition and the evidence disclosed by the record the judgment has no legal foundation or support, and therefore ought to be reversed and remanded, and it is so ordered.

REVERSED AND REMANDED.